Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/26/2026 11:06 PM CST

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
STATE v. KUOL
Cite as 34 Neb. App. 1

State of Nebraska, appellee, v.
Arkangelo A. Kuol, appellant.

___ N.W.3d ___

Filed January 20, 2026.    No. A-25-239.

1. **Trial: Interpreters.** The appointment of an interpreter for an accused at trial is a matter resting largely in the discretion of the trial court.
2. ____: ____. Even though a defendant might not speak grammatically correct English, where the record satisfactorily demonstrates that such defendant had a sufficient command of the English language to understand questions posed and answers given, there has been no abuse of discretion in refusing to appoint an interpreter.
3. **Pleas: Courts.** A trial court has discretion to allow defendants to withdraw their guilty or no contest pleas before sentencing.
4. **Pleas: Appeal and Error.** An appellate court will not disturb the trial court's ruling on a presentencing motion to withdraw a guilty or no contest plea absent an abuse of discretion.
5. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
6. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
7. **Sentences.** It is within the discretion of the trial court to impose consecutive rather than concurrent sentences for separate crimes. This is true even when the crimes arise out of the same incident.
8. **Effectiveness of Counsel: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law.
9. ____: ____. In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively

determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.

10. **Trial: Interpreters.** If a defendant understands and communicates reasonably well in the English language, the mere fact that such defendant might be able to accomplish self-expression a little better in another language does not warrant utilizing an interpreter at trial.

11. **Trial: Interpreters: Statutes.** Nebraska statutory law requires the appointment of an interpreter in a court proceeding when the defendant is unable to communicate the English language.

12. **Pleas.** A plea must be entered freely, knowingly, and voluntarily.

13. **Pleas: Waiver.** In order to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and understandingly, the court must (1) inform the defendant concerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to determine that he or she understands the foregoing. Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. A voluntary and intelligent waiver of the above rights must affirmatively appear from the face of the record.

14. **Pleas: Right to Counsel.** The failure to inform the defendant of the right to assistance of counsel does not render a plea invalid when the record reflects the defendant was represented by counsel at the time of the plea.

15. **Pleas.** The right to withdraw a plea previously entered is not absolute.

16. ____. When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may sustain the motion for any fair and just reason, provided that such withdrawal would not substantially prejudice the prosecution.

17. **Pleas: Proof.** The defendant has the burden to show the grounds for withdrawal by clear and convincing evidence.

18. **Pleas: Waiver.** The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional.

19. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed.

20. **Sentences.** In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

21. _____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

22. _____. The test of whether consecutive sentences may be imposed for two or more counts charging separate offenses, arising out of the same transaction or the same chain of events, is whether the offense charged in one count involves any different elements than an offense charged in another count. The test is whether some additional evidence is required to prove one of the other offenses.

23. **Records: Appeal and Error.** An assignment of error must, standing alone, permit an appellate court to determine if the claim can be decided upon the trial record and also permit a district court to later recognize that the claim was raised on direct appeal.

24. **Appeal and Error.** An assignment of error is specific when it addresses a specific issue that does not require additional information to understand precisely what the assignment attacks.

25. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel, the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

26. _____: _____. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.

27. **Effectiveness of Counsel: Proof: Words and Phrases.** To show prejudice in a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

28. **Effectiveness of Counsel: Proof.** Courts may examine performance and prejudice in any order and need not examine both prongs if the defendant fails to demonstrate either.

29. **Prior Convictions: Appeal and Error.** An appellate court, viewing and construing the evidence most favorably to the State, will not set aside a finding of a previous conviction for the purposes of sentence enhancement supported by relevant evidence.

30. **Sentences: Prior Convictions: Proof.** In a proceeding to enhance a
    punishment because of prior convictions, the State has the burden to
    prove the fact of prior convictions by a preponderance of the evidence,
    and the trial court determines the fact of prior convictions based upon
    the greater weight of the evidence standard.
31. **Trial: Evidence: Proof.** The greater weight of the evidence requires
    proof which leads the trier of fact to find that the existence of the con-
    tested fact is more likely true than not true.
32. **Prior Convictions: Appeal and Error.** When evidence lacks sufficient
    probative force as a matter of law, an appellate court may set aside a
    finding of a previous conviction for the purposes of sentence enhance-
    ment as unsupported by the evidence.

Appeal from the District Court for Lancaster County: Darla
S. Ideus, Judge. Affirmed.

Joy Shiffermiller, of Shiffermiller Law Office, P.C., L.L.O.,
for appellant.

Michael T. Hilgers, Attorney General, and Jacob M.
Waggoner for appellee.

Pirtle, Welch, and Freeman, Judges.

Freeman, Judge.

## INTRODUCTION

Arkangelo A. Kuol appeals his plea-based convictions for
felony-level driving under the influence (DUI), driving dur-
ing revocation, and interlock violation entered by the district
court for Lancaster County. He argues that the district court
erred in not appointing an interpreter, not allowing him to
withdraw his pleas, making certain statements at the plea
hearing, and imposing its sentences. He also argues that
he had ineffective assistance of counsel. For the reasons
explained below, we affirm.

## BACKGROUND

Kuol is a 43-year-old man from Sudan. He is in frequent
contact with his family members, most of whom live in

Sudan, and he has a few friends in Nebraska. He has some education and is in good physical and mental health. He is regularly employed when he is not incarcerated.

Kuol has a substantial criminal history, mainly involving licensure violations and his use of alcohol. Recent cases include three DUI convictions and one conviction in Nebraska for driving while his license was revoked. His three DUI convictions occurred in three different states: Nebraska, Arizona, and Texas.

Kuol's most recent DUI conviction was in Lancaster County. He was pulled over when a police officer noticed him crossing the lane line multiple times; his license plate was also expired. Kuol smelled of alcohol and was slurring his speech. The officer attempted to administer the "HGN" standard field sobriety test, but Kuol was unable to follow instructions. Kuol also complained of a prior ankle injury so no other standard field sobriety tests were conducted. The officer determined that Kuol was too intoxicated to operate a motor vehicle safely and gave Kuol a preliminary breath test, which revealed that Kuol's blood alcohol content was above the legal limit. Kuol had been driving while his license was revoked and without an ignition interlock device installed.

Ultimately, Kuol was charged with a DUI, .15 or over, with three or more convictions, a Class IIA felony; driving during revocation, subsequent offense, a Class IIA felony; and ignition interlock device violation, a Class IV felony. Kuol was served with the information prior to his plea hearing. During his presentence investigation, Kuol assessed through the level of service/case management inventory (LS/CMI) in the very high risk area for education and employment, companions, procriminal attitude, and antisocial pattern. He scored in the high risk area for leisure and recreation, criminal history, and alcohol and drug problems. His overall LS/CMI score was in the very high risk area.

Kuol pled guilty to each charge as a requirement to enter the DUI court program. Kuol did not have an interpreter

when he entered his pleas. English is not Kuol's first language. Kuol's use and need of an interpreter has varied throughout his criminal history. Kuol used an interpreter in his previous Nebraska DUI. However, there was no mention of an interpreter being used in his previous Nebraska conviction for driving during revocation and for his additional DUI convictions in Arizona and Texas. In previous presentence investigations, Kuol used an interpreter but spoke in English for all his answers. Throughout questioning, he appeared to understand what was being asked, and Kuol self-reported he took English classes in the past. Another investigator also noted that Kuol understood English "pretty well."

Kuol agreed to do the current presentence investigation in English, and he appeared to understand the questions. During the investigation, he stated he understood the importance of not saying he was guilty. However, Kuol has also noted the disadvantage of having English as a second language.

There appeared to be some confusion when he entered his pleas.

THE COURT: Mr. Kuol, have you talked to somebody about the requirements of DUI Court?

MR. KUOL: I have talked to my attorney.

THE COURT: Oh. Do you have the participant's manual?

MR. KUOL: No.

[Counsel:] Yes.

THE COURT: So Mr. Kuol I want to make sure you understand before I take this plea, what DUI court is.

MR. KUOL: Okay.

THE COURT: Have you been on probation in the past?

MR. KUOL: No.

[Counsel:] [Mr. Kuol,] the participant's manual that has all the requirements of DUI Court, you received that some time ago and we've discussed that participant's manual. Do you know what I'm talking about?

MR. KUOL: Yeah the — the court paperwork and — or to continue going through classes and DUI and stuff.

[Counsel:] All the requirements of DUI Court that we've discussed and — and you have the participant's manual. You told me multiple times that you have it and that you've gone over the rules and requirements of DUI Court?

MR. KUOL: Oh. Oh yeah, yeah, yeah. I — yeah I have the book (Indiscernible).

. . . .

THE COURT: Alright. You previously plead [sic] not guilty to three charges. DUI Aggravated, Driving During Revocation, and Tampering with your Interlock. Do you wish to withdraw your not guilty plea and enter a different plea here today?

MR. KUOL: Say that again.

THE COURT: Do you wish to withdraw your not guilty plea and enter a different plea here today? So do you want to plead something other than not guilty today?

MR. KUOL: No ma'am.

THE COURT: Okay then I think we're done. [Counsel]?

[Counsel:] I've discussed this multiple times with Mr. Kuol. I think maybe he just doesn't understand exactly what the Court is asking.

THE COURT: Do you want to try to explain to him?

[Counsel:] I'm — I would love to, yes. So [Mr. Kuol] what we discussed is to enter the DUI Court Program. You would be pleading guilty as charged to all three of the counts in the information so plead as charged. Do — do you recall that?

MR. KUOL: Yes that what I would but just because I don't understand it that much that's what (Indiscernible).

[Counsel:] Okay well the Judge is asking you if you want to withdraw your not guilty plea meaning you're not going to plead not guilty anymore and enter a different plea. So do you want to enter a guilty plea

today to all three counts in the information to all three charges? Is that what you want to do today? Do you need more time to talk to me about it?

MR. KUOL: I want to plead guilty to all three charges.

[Counsel:] Okay.

THE COURT: And Mr. Kuol I just want to make sure you understand.

MR. KUOL: Okay.

THE COURT: So you want to plead guilty today to all three charges?

MR. KUOL: Yes ma'am.

He later answers another question incorrectly:

THE COURT: You will begin testing with DUI Court immediately meaning this evening and that you will appear in court on December 20th at 1:30 for DUI Court and any other time you're ordered to be in court sir?

MR. KUOL: No.

[Counsel:] Can you repeat the question Judge?

THE COURT: Sure. So Mr. Kuol do you [s]wear and affirm you will abide by all the conditions of this preliminary bond?

MR. KUOL: Yes.

The district court specifically told Kuol to let the court know if he did not understand a word or phrase. Kuol went on to answer several questions regarding his age, education, employment, living situation, residency, and history. He affirmed that he understood the proceedings, and Kuol's counsel believed Kuol was competent to enter pleas. The district court concluded that Kuol was competent to enter his pleas.

Kuol affirmed that he entered the pleas freely and voluntarily, and his counsel agreed. At the plea hearing, the State of Nebraska described the charges and the factual basis to Kuol. Kuol stated he understood the charges, the possible sentences for each charge, and that the sentences could be ordered consecutively. Kuol also expressed he understood that by pleading guilty, he would be admitting to the crimes described.

Further, Kuol asserted he understood he was waiving his right to a jury trial, to confront his accusers, and against self-incrimination. The district court found that Kuol understood his rights; waived his rights freely, voluntarily, knowingly, and intelligently; and understood the consequences of waiving them. Kuol confirmed that he spoke about all possible defenses with his counsel and told his counsel everything about his situation. Kuol declared that he was satisfied with his counsel's job and that his counsel did everything he asked him to do.

After his plea hearing, Kuol entered DUI court. In his following DUI court hearings, an interpreter's presence varied. In one hearing, Kuol did not have an interpreter, and he spoke extensively in English and appeared to understand the conversation. In another instance, an interpreter was present interpreting the comments of the district court, but Kuol answered in English. In other DUI court hearings and his hearing to withdraw from DUI court, an interpreter was present and spoke for him.

With new counsel, Kuol moved to withdraw his pleas because they were made without an interpreter. He believed that the pleas were not made freely, voluntarily, knowingly, and intelligently because his English was not proficient enough to understand the plea hearing proceedings. He argued that he understands English generally, but there are some words that he does not understand. At the hearing for his motion to withdraw his pleas, an interpreter was present. Even though an interpreter was present, at one point, Kuol answered before the interpreter was finished. According to Kuol, he asked his previous counsel for an interpreter at the plea hearing, but his attorney did not obtain one because the hearing was going to be small and short. Kuol claimed that the only reason he said he understood the plea hearing proceedings was because his attorney advised him "to say yes."

The district court denied his motion to withdraw his pleas. The district court found that Kuol repeatedly confirmed he

understood the court and the proceedings. At no point during the hearing did the district court find any indication that Kuol did not understand or follow the proceedings.

At the sentencing hearing, the State offered evidence of previous convictions for the purpose of enhancing the DUI charge. One previous conviction was of a person named "Arkengelo A. Kuol," who was convicted of a DUI in Moore County, Texas, in 2012 and had the same Social Security number, date of birth, driver's license number, race, sex, and height as Kuol. The name of the person was spelled with an "e" as in "Arkengelo" instead of an "a" as in "Arkangelo."

Kuol's counsel objected to the court's admission of the Texas conviction and argued the person convicted was not Kuol. However, in a previous presentence investigation, Kuol acknowledged he lived and worked in Texas from 2010 to 2015, during which time he went to prison. Both the previous Nebraska and Arizona DUI convictions referenced the conviction in Texas. Kuol did not claim the other DUI convictions were inaccurate.

His Nebraska DUI also used the spelling "Arkengelo." His presentence investigation referenced "Arkengelo" as one of Kuol's aliases. The court overruled Kuol's objection and received the certified copy of the Texas conviction offered by the State. The district court found that the prior convictions from Nebraska, Arizona, and Texas were valid for the purpose of enhancement on the DUI charge.

In sentencing, the district court considered the presentence investigation report and the required factors, such as the nature and circumstances of the crime and the history, character, and condition of Kuol. The district court noted Kuol's extensive criminal history and overall LS/CMI score in the very high risk area. The district court found that Kuol's repeated criminal conduct showed he would not comply with court orders to stop drinking and driving, which noncompliance put the public at significant risk of harm. The district court determined that imprisonment was necessary to protect the public

because there was a substantial risk that Kuol would continue to engage in criminal conduct and because a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law. Kuol was sentenced to imprisonment for 6 to 10 years on count 1 for DUI, .15 or over, with three or more convictions; 4 to 8 years on count 2 for driving during revocation, subsequent offense; and 1 to 2 years on count 3 for the ignition interlock device violation. Counts 2 and 3 were ordered to be served concurrently, but consecutive to count 1, and count 1 was to be served consecutively to any other sentence. Kuol appeals.

## ASSIGNMENTS OF ERROR

Kuol argues, restated and restructured, that the district court erred in (1) not appointing an interpreter, (2) not allowing him to withdraw his pleas, (3) saying incorrect statements that invalidated his pleas, and (4) imposing excessive and consecutive sentences; additionally he argues that (5) his counsel was ineffective for failing to (a) seek discovery, (b) request an interpreter, and (c) investigate a prior conviction.

## STANDARD OF REVIEW

[1,2] The appointment of an interpreter for an accused at trial is a matter resting largely in the discretion of the trial court. *State v. Bol*, 294 Neb. 248, 882 N.W.2d 674 (2016) (citing *State v. Topete*, 221 Neb. 771, 380 N.W.2d 635 (1986)). Even though a defendant might not speak grammatically correct English, where the record satisfactorily demonstrates that such defendant had a sufficient command of the English language to understand questions posed and answers given, there has been no abuse of discretion in refusing to appoint an interpreter. *Id*.

[3,4] A trial court has discretion to allow defendants to withdraw their guilty or no contest pleas before sentencing. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). An appellate court will not disturb the trial court's ruling on a

presentencing motion to withdraw a guilty or no contest plea absent an abuse of discretion. *Id.*

[5,6] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Geller*, 318 Neb. 441, 16 N.W.3d 365 (2025).

[7] It is within the discretion of the trial court to impose consecutive rather than concurrent sentences for separate crimes. *Id.* This is true even when the crimes arise out of the same incident. *Id.*

[8,9] Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Parks*, 319 Neb. 773, 25 N.W.3d 146 (2025). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. See *id.*

## ANALYSIS

*Appointment of Interpreter.*

Kuol argues that the district court abused its discretion in not appointing an interpreter.

[10,11] If a defendant understands and communicates reasonably well in the English language, the mere fact that such defendant might be able to accomplish self-expression a little better in another language does not warrant utilizing an interpreter at trial. *State v. Bol, supra* (citing *State v. Topete, supra*). Nebraska statutory law requires the appointment of an interpreter in a court proceeding when the defendant is

unable to communicate the English language. *Id*. Generally, the defendant in a criminal proceeding may be entitled to have an interpreter provided only where he or she timely requests one, or it is otherwise brought to the trial court's attention that the defendant or a witness has a language difficulty that may prevent meaningful understanding of, or communication in, the proceeding. See *id.* (citing Annot., 32 A.L.R.5th 149, § 22 (1995)).

In *State v. Bol*, 294 Neb. 248, 882 N.W.2d 674 (2016), English was not the defendant's native language. However, the defendant answered questions in English and indicated that he understood what was asked of him. See *id.* Even though the defendant had some confusion regarding questions and answered a few questions incorrectly, the defendant eventually stated he understood after reiteration and explanation of the questions. See *id.* Later, the defendant spoke extensively in English and was able to follow the court's comments. See *id.* Therefore, the Nebraska Supreme Court found that the defendant had the ability to comprehend the proceedings and communicate in English, and the court did not abuse its discretion in not appointing the defendant an interpreter. See *id.*

Similarly, English is not Kuol's first language. However, in reviewing all the occasions Kuol appeared without an interpreter, the record satisfactorily demonstrates that Kuol had a sufficient command of the English language to understand questions posed and answers given. While at some points Kuol had an interpreter, Kuol later spoke extensively in English and was able to follow complex dialogue without an interpreter.

Specifically, for one DUI court hearing, Kuol did not have an interpreter, and he spoke extensively in English and appeared to understand the conversation. And for another DUI court hearing, an interpreter was present, interpreting the comments of the district court, but Kuol answered in English. At the hearing for his motion to withdraw his pleas, an interpreter was present, but at one point, Kuol answered before the interpreter was finished. He also did his current

presentence investigation in English and appeared to understand the questions. At the plea hearing, Kuol answered questions in English and stated he understood what was asked of him. Even though Kuol had some confusion regarding questions and answered a few questions incorrectly, after reiteration and explanation, he indicated that he understood.

Therefore, the district court did not abuse its discretion in not appointing an interpreter.

*Withdrawal of Pleas.*

Kuol argues that the district court erred in not allowing him to withdraw his pleas because not having an interpreter present prevented him from entering his pleas willingly, intelligently, freely, and understandingly.

[12-14] A plea must be entered freely, knowingly, and voluntarily. *State v. Hamm*, 314 Neb. 311, 989 N.W.2d 719 (2023). In order to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and understandingly, the court must (1) inform the defendant concerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to determine that he or she understands the foregoing. *State v. Mead*, 313 Neb. 892, 987 N.W.2d 271 (2023). Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. *Id.* A voluntary and intelligent waiver of the above rights must affirmatively appear from the face of the record. *Id.* The failure to inform the defendant of the right to assistance of counsel does not render a plea invalid when the record reflects the defendant was represented by counsel at the time of the plea. See *State v. Carr*, 294 Neb. 185, 881 N.W.2d 192 (2016).

[15-17] The right to withdraw a plea previously entered is not absolute. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345

(2024). When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may sustain the motion for any fair and just reason, provided that such withdrawal would not substantially prejudice the prosecution. *Id.* The defendant has the burden to show the grounds for withdrawal by clear and convincing evidence. *Id.* Not understanding the mechanics of how something works is not the same as not understanding a plea. See *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022).

Kuol was informed of his charges and the factual basis by the State and indicated he understood the crimes. Kuol affirmed that he understood the possible sentences for each charge and that they could be ordered consecutively. Though not specifically informed of his right to counsel, Kuol was represented by counsel at the plea hearing. Kuol understood he was waiving his right to a jury trial, to confront his accusers, and against self-incrimination, and the district court found that he understood the waiver and made it freely, voluntarily, knowingly, and intelligently.

Kuol demonstrated that he understood the waiver of his rights, and the claimed language barrier did not render Kuol's pleas involuntary. As discussed, because there was no need for an interpreter in entering his pleas, the district court did not abuse its discretion in not granting Kuol's motion to withdraw his pleas. See *State v. Bol*, 294 Neb. 248, 882 N.W.2d 674 (2016).

*Statements of District Court.*

Kuol argues that the district court's incorrect statements that Kuol was previously arraigned and entered not guilty pleas confused Kuol and invalidated his current pleas.

Neb. Rev. Stat. § 29-1816 (Cum. Supp. 2022) states the requirements for an arraignment:

> (1)(a) The accused may be arraigned in county court or district court:

(i) If the accused was eighteen years of age or older when the alleged offense was committed;

. . . .

(b) Arraignment in county court or district court shall be by reading to the accused the complaint or information, unless the reading is waived by the accused when the nature of the charge is made known to him or her. The accused shall then be asked whether he or she is guilty or not guilty of the offense charged. If the accused appears in person and by counsel and goes to trial before a jury regularly impaneled and sworn, he or she shall be deemed to have waived arraignment and a plea of not guilty shall be deemed to have been made.

[18] Based on the record, Kuol was served the information, but no prior arraignment took place before Kuol pled guilty to enter DUI court. Even though there was no prior arraignment, Kuol made his pleas freely, knowingly, and voluntarily, as discussed above. All the requirements to enter a plea were completed at the plea hearing. The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Hamm*, 314 Neb. 311, 989 N.W.2d 719 (2023). Because Kuol voluntarily entered guilty pleas, he waived the defense to any procedural deficiencies regarding an arraignment. Therefore, any procedural deficiencies and incorrect statements made by the district court did not invalidate Kuol's pleas.

*Excessive and Consecutive Sentences.*

Kuol argues that the district court failed to consider mitigating factors in its sentences and erred in ordering that Kuol's sentences for counts 2 and 3 run consecutively to Kuol's DUI sentence.

[19] A Class IIA felony is punishable by a maximum of 20 years' imprisonment; a Class IV felony is punishable up to 2 years' imprisonment and 12 months' post-release supervision,

or a $10,000 fine, or both. See Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2024). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025).

[20,21] In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Kuol claims that the district court did not consider his lack of education and experience, his lack of skills in problem solving and prioritizing, his social and cultural background, his motivation, the nature of the offense, and the lack of violence involved in the crime. However, the district court specifically mentioned that it considered the presentence investigation report and the required factors, such as the nature and circumstances of the crime and the history, character, and condition of Kuol. See, also, *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019) (stating that presentence investigation report contains information necessary to weigh sentencing factors). The district court noted Kuol's extensive criminal history and overall score in the very high risk area. Kuol's repeated criminal conduct showed he would not comply with court orders to stop drinking and driving, putting the public at significant risk of harm. Therefore, the district court did not abuse its discretion in the sentences it imposed, which were

within the statutory limits, because it relied on reasonable, admittable evidence surrounding Kuol's repeated criminal conduct that put the public at risk.

[22] The test of whether consecutive sentences may be imposed for two or more counts charging separate offenses, arising out of the same transaction or the same chain of events, is whether the offense charged in one count involves any different elements than an offense charged in another count. *State v. Greer*, 312 Neb. 351, 979 N.W.2d 101 (2022). The test is whether some additional evidence is required to prove one of the other offenses. *Id.*

Here, additional evidence was required, apart from Kuol's DUI, to find that he was driving during a period of revocation and without an ignition interlock device installed in the vehicle he was driving. See Neb. Rev. Stat. §§ 60-6,196, 60-6,197.06, and 60-6,211.11 (Reissue 2021). Stated differently, finding Kuol drove during revocation or without an ignition interlock device installed are not elements of a DUI. Therefore, the district court did not abuse its discretion when it ordered that Kuol's sentence for count 2 for driving during revocation and count 3 for ignition interlock device violation be served consecutively to Kuol's DUI sentence.

## Ineffective Assistance of Counsel
## Claim Regarding Discovery.

Kuol argues that his counsel was ineffective because his counsel failed to "seek discovery."

[23,24] The assignment of error must, standing alone, permit an appellate court to determine if the claim can be decided upon the trial record and also permit a district court to later recognize that the claim was raised on direct appeal. See *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025). A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered. *Id.* An assignment of error is specific when it addresses a specific issue that does not require additional

information to understand precisely what the assignment attacks. *Id.* Any claim of ineffective assistance of counsel alleging deficient conduct must be more specific than generalities of inadequate preparation or failures to introduce beneficial evidence. See *id.*

Kuol's assigned error claiming his counsel was ineffective for failing to "seek discovery" lacks specificity and requires additional information to understand the attack, similar to an assignment of error that fails to specify what component of an investigation counsel failed to conduct. See *State v. Wood*, 310 Neb. 391, 966 N.W.2d 825 (2021). While Kuol claimed his counsel failed to "seek discovery," not necessarily to investigate, there is a correlation where an investigation occurs when counsel gathers evidence, while discovery is a process for exchanging the information gathered during an investigation. See Neb. Rev. Stat. § 29-1912 (Cum. Supp. 2024) (describing discovery process). Nevertheless, a similar specificity is required to identify what counsel failed to do or to obtain.

In *State v. Dap*, 315 Neb. 466, 477, 997 N.W.2d 363, 373 (2023), the defendant stated that counsel had failed to "'provide reports'" to him without any further description on what specific report was being identified. The Nebraska Supreme Court alluded it had doubts whether the assignment of error was sufficiently pled because the defendant failed to identify what specific pieces of discovery counsel failed to review with him. See *id.* However, the Supreme Court did not reach that issue because both parties agreed that the record was insufficient to review the error. See *id.*

Similarly here, Kuol fails to specify what information his counsel failed to obtain during discovery that was learned during the investigation. Kuol states in his assignment of error that "[t]rial [c]ounsel was ineffective in failing to seek discovery." "[D]iscovery" is not provided with any further description or detail for us to understand what specific piece of discovery Kuol's counsel failed to seek. Stated differently, additional

information is required to understand precisely what Kuol's assignment attacks. See *State v. Rupp, supra*. Therefore, we find the assignment of error was insufficiently pled.

*Additional Ineffective Assistance
of Counsel Claims.*

Kuol also argues that his counsel was ineffective because his counsel failed to request an interpreter and investigate the Texas conviction.

[25-28] To prevail on a claim of ineffective assistance of counsel, the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. See *State v. Parks*, 319 Neb. 773, 25 N.W.3d 146 (2025). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice in a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* A reasonable probability of prejudice from ineffective assistance of counsel is a probability sufficient to undermine confidence in the outcome. *Id.* Courts may examine performance and prejudice in any order and need not examine both prongs if the defendant fails to demonstrate either. *Id.*

First, Kuol assigns that "[t]rial [c]ounsel was ineffective in failing to request a Dinka interpreter." Pursuant to *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025), this assignment of error is sufficiently pled because it states what specifically counsel failed to request. However, it is refuted by the record. As previously discussed, Kuol had a sufficient command of the English language to understand questions posed and answers given. The district court did not abuse its discretion when finding Kuol entered his pleas freely, voluntarily, knowingly, and intelligently. Therefore, the record is sufficient to

find that Kuol's counsel was not deficient for not asking for an interpreter.

Second, Kuol assigns that "[t]rial [c]ounsel was ineffective in failing to investigate whether the Moore County Texas conviction was actually his conviction." Pursuant to *State v. Rupp, supra*, this assignment of error is sufficiently pled because it specifically states what counsel failed to investigate. Next, we will determine whether the record is sufficient to address this claim.

Kuol claims his counsel should have investigated the Texas conviction used by the State of Nebraska for enhancement, because the convicted individual was not him. The State argues that Kuol is collaterally attacking the Texas conviction, but Kuol is not arguing that the conviction is invalid or should not be enforced; rather, he is arguing that he was not the one convicted in Texas. See *Benda v. Sole*, 319 Neb. 745, 25 N.W.3d 68 (2025).

At the time of his enhancement hearing, Kuol's counsel objected to the court's admission of the Texas conviction and argued the person convicted was not Kuol. The court overruled the objection and received the certified copy of the Texas conviction offered by the State. Thereafter, the court found the Texas conviction to be a valid prior conviction for enhancement.

[29-31] Pursuant to Neb. Rev. Stat. § 60-6,197.02(1) (Reissue 2021):

> (a) Prior conviction means a conviction for a violation committed within the fifteen-year period prior to the offense for which the sentence is being imposed as follows:
>
> (i) For a violation of section 60-6,196:
>
> . . . .
>
> (C) Any conviction under a law of another state if, at the time of the conviction under the law of such other state, the offense for which the person was convicted would have been a violation of subdivision (3)(b) or (c)

of section 28-306, subdivision (3)(b) or (c) of section 28-394, or section 28-1254, 60-6,196, 60-6,197, or 60-6,198[.]

An appellate court, viewing and construing the evidence most favorably to the State, will not set aside a finding of a previous conviction for the purposes of sentence enhancement supported by relevant evidence. See *State v. Bixby*, 315 Neb. 549, 997 N.W.2d 787 (2023). In a proceeding to enhance a punishment because of prior convictions, the State has the burden to prove the fact of prior convictions by a preponderance of the evidence, and the trial court determines the fact of prior convictions based upon the greater weight of the evidence standard. *State v. Bret*, 318 Neb. 995, 20 N.W.3d 364 (2025). The greater weight of the evidence requires proof which leads the trier of fact to find that the existence of the contested fact is more likely true than not true. *State v. Bixby, supra*.

[32] According to § 60-6,197.02(3), after the State meets its burden of proving the fact of the prior convictions, the convicted person is then "given the opportunity to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions." When evidence lacks sufficient probative force as a matter of law, an appellate court may set aside a finding of a previous conviction for the purposes of sentence enhancement as unsupported by the evidence. *State v. Linn*, 248 Neb. 809, 539 N.W.2d 435 (1995).

As stated, Kuol is not arguing that there was error in how the conviction was rendered, but, rather, he is arguing that he was not the one convicted in Texas and that his counsel was ineffective for failing to investigate the matter. However, an investigation would have revealed that a person in Texas was convicted of a DUI with the same Social Security number, date of birth, driver's license number, race, sex, and height as Kuol. The main difference in the identifying information was the misspelling of the name that replaced one "a"

in "Arkangelo" as an "e" for "Arkengelo." But his previous Nebraska DUI also used the spelling "Arkengelo," and "Arkengelo" is listed as one of Kuol's aliases in his presentence investigation report. In addition, Kuol admitted he lived and worked in Texas from 2010 to 2015, during which time he lost his job when he went to prison. According to his criminal history, Kuol's only Texas conviction is the 2012 Moore County DUI. Furthermore, Kuol's previous Nebraska and Arizona convictions referenced the Texas conviction.

The State met its burden to prove the existence of the Texas conviction by a preponderance of the evidence. Kuol's trial counsel objected to the 2012 Texas conviction on the basis it was not Kuol's conviction, but trial counsel did not present any evidence at the sentencing hearing supporting Kuol's claim that the person in the 2012 Texas conviction was not him. Even if trial counsel did investigate and present evidence to support Kuol's claim, the identifying evidence in the record was sufficient for the district court to find, by a preponderance of the evidence, that the person convicted in Moore County, Texas, in 2012 was Kuol. Therefore, the record is sufficient to find that Kuol's counsel was not ineffective because there is no reasonable probability that, but for counsel's failure to investigate, the result of the proceeding would have been different.

## CONCLUSION

We conclude that Kuol did not need an interpreter and made valid pleas, the district court did not abuse its discretion when it imposed consecutive sentences within the statutory limits, and Kuol was not prejudiced by ineffective assistance of counsel.

AFFIRMED.